IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME DAVID MITCHELL,     *
        Plaintiff,
v.     *     CIVIL ACTION NO. WMN-14-1781

SERGEANT TRAVIS WILLIAMS, et al.,     *

        Defendants.     *
                                   ***

**MEMORANDUM**

Pending is a Motion to Dismiss, or in the alternative, Motion for Summary Judgment filed by Captain Harry Baker, Sgt. Travis Williams, C.O. II Michael Lohr, C.O. II Justin Pence, C.O. II Darnell Scott, C.O. II Kenneth Shanholtz, C.O. II Ryan L. Thomas and former C.O. II Adam Rollins. ECF 55. Plaintiff has not responded.[1] Upon review of papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Defendants' dispositive motion will be granted.

Background

The case was instituted upon receipt of a civil rights Complaint filed by Plaintiff Jerome Mitchell, an inmate then held at the North Branch Correctional Institution ("NBCI"). ECF 1. Plaintiff claimed that on October 4, 2013, while housed at the Roxbury Correctional Institution ("RCI"), he was assaulted by correctional employees, his personal property was destroyed, and he was denied medical care. ECF 1. By Memorandum of August 13, 2015, this Court dismissed all Defendants except those named above and dismissed all of Plaintiff's claims except his claim of excessive force. ECF 47.

---

[1] Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF 59. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. *Id.*

1

In his Complaint, Plaintiff asserts he exhausted administrative remedies because his request for administrative remedy (ARP) was dismissed as final as the assault was being investigated by the Internal Investigation Unit (IIU), and no further action could be taken through the ARP process. ECF 1. He provides no evidence to support this contention and as noted has failed to respond to Defendants' motion.

Defendants raise the affirmative defense that Plaintiff failed to fully exhaust his administrative remedies and maintain that the complaint must be dismissed. ECF 55-1. Russell Neverdon, Sr., Executive Director of the Inmate Grievance Office ("IGO") avers that Plaintiff filed two grievances with the IGO regarding the October 4, 2013 use of force. ECF 55-3, p. 1, ¶ 3.

In response to a letter received from Plaintiff by the IGO on March 14, 2014, containing a laundry list of grievances including the October 4, 2013, assault, IGO No. 20140587 was instituted. ECF 55-3, pp. 6-8. The IGO assigned a case number and directed Plaintiff to provide a letter with a brief statement of the nature of the grievance, and request for relief, and including no more than one claim. ECF 55-3, p. 9. Plaintiff responded to the IGO indicating that he had no information regarding the case number referenced and asking for a copy of the complaint. *Id.*, p. 10. The IGO responded, again directing Plaintiff to supplement his filing and advising him of the charge for copy work of his initial "complaint." *Id.*, p. 11. Plaintiff responded enclosing a copy of his five page ARP regarding the assault, filed October 28, 2013, at MCI-H. *Id.*, p.p. 13-17. Plaintiff further indicated that the ARP had been forwarded to the IGO in December of 2013 but he did not receive a response. *Id.*, p. 12. The IGO responded to Plaintiff's submission noting that the grievance appeared to be an "appeal" from the disposition of an un-numbered ARP complaint dated October 13, 2013, and submitted to staff on October 28, 2013. *Id.*, p. 18. Plaintiff was

directed to file all ARP paperwork related to the grievance so that a determination could be made as to whether Plaintiff had exhausted his ARP remedies. *Id.* Plaintiff responded indicating he was enclosing documentation but did not receive a response from the Warden or Commissioner of Corrections regarding his ARP. *Id.*, p. 20. The IGO noted that the documentation referenced in Plaintiff's letter was not enclosed and granted him an additional 30 days to demonstrate exhaustion of his ARP remedies. *Id.*, p. 21. Plaintiff again responded stating he had not received a response to his ARP from the Warden or Commissioner of Corrections. *Id.*, p. 22. On November 19, 2014, the IGO administratively dismissed Plaintiff's Complaint noting that the IGO independently inquired of the Commissioner's Office whether an ARP appeal was filed by Plaintiff. The Commissioner's Office indicated they had not received any appeal from Plaintiff. As such, the IGO concluded that Plaintiff failed to exhaust the ARP process prior to submitting his grievance and dismissed the case. *Id.*, p. 24.

In a letter dated December 27, 2013, marked received by the IGO on September 23, 2014,[2] Plaintiff indicated he was noting an Appeal to the IGO of his October 28, 2013, ARP concerning the October 4, 2013, assault. *Id.*, p. 25. He indicated that he had not received a response to his ARP filed at MCI-H. *Id.* The IGO assigned Case No. 20142053 and responded to Plaintiff on November 17, 2014, advising that the nature and scope of the complaint could not be ascertained as Plaintiff failed to provide a copy of the original ARP paperwork. *Id.*, p. 29. Plaintiff was directed to provide a copy of all related ARP paperwork relative to the grievance. *Id.* The grievance was dismissed for failure to respond to the request for additional information. ECF 55-2, p. 1, ¶3(b).

---

[2] The envelope is postmarked September 22, 2014, and there is a notation that the envelope was "mailed out 12 Sept. 2014." *Id.*, p. 28.

Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether

there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Analysis

Inmates are required to exhaust "such administrative remedies as are available" before filing an action. 42 U.S.C. § 1997e(a); *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (An inmate "must exhaust available remedies, but need not exhaust unavailable ones."). This requirement is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Exhaustion is mandatory. *Ross*, 136 S. Ct. at 1856, *Jones v. Bock*, 549 U.S. 199, 219 (2007). A court may not excuse a failure to exhaust. *Ross*, 136 S. Ct. at 1856, citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall' ... normally creates an

obligation impervious to judicial discretion"). The purpose of exhaustion is to: 1) allow a prison to address complaints about the program it administers before being subjected to suit; 2) reduce litigation to the extent complaints are satisfactorily resolved; and 3) prepare a useful record in the event of litigation. *Jones,* 549 U.S. at 219. An inmate's failure to exhaust administrative remedies is an affirmative defense; defendant bears the burden of proving that he had remedies available to him of which he failed to take advantage. *Jones,* 549 U.S. at 211–12, 216; *Moore,* 517 F.3d at 725.

In *Ross v. Blake,* 136 S. Ct. 1850, the Supreme Court of the United States identified three kinds of circumstances in which an administrative remedy is unavailable. First, an administrative procedure is unavailable when, despite what regulations or guidance materials may promise, it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. *Id.* at 1859. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* The third circumstance arises when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

In Maryland, filing a request for administrative remedy with the warden of the prison is the first of three steps in the ARP process. *See* COMAR 12.07.01.04. The ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR 12.07.01.05A. If the request is denied, a prisoner has 30 calendar days to file an appeal with the Commissioner of Correction. COMAR 12.07.01.05C. If the appeal is denied, the

prisoner has 30 days to file a grievance with the Inmate Grievance Office. *See* Md. Code Ann., Corr. Servs. §§ 10-206, 10-210; COMAR 12 07.01.03; COMAR 12.07.01.05B.

Complaints are reviewed preliminarily by the IGO. *See* Md. Code Ann., Corr. Servs. § 10-207; COMAR 12.07.01.06A. If a complaint is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. Md. Code Ann., Corr. Servs. § 10-207(b)(1); *see* COMAR 12.07.01.07B. The order of dismissal constitutes the final decision of the Secretary of the Department of Public Safety and Correctional Services for purposes of judicial review. Md. Code Ann., Corr. Servs. § 10-207(b)(2)(ii). However, if a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge with the Maryland Office of Administrative Hearings. *See* Md. Code Ann., Corr. Servs. § 10-208; COMAR 12.07.01.07-.08. The conduct of such hearings is governed by statute. Md. Code Ann., Corr. Servs. § 10-208.

A decision of the administrative law judge denying all relief to the inmate is considered a final agency determination. However, a decision concluding that the inmate's complaint is wholly or partly meritorious constitutes a recommendation to the Secretary of the Department of Public Safety and Correctional Services, who must make a final agency determination within fifteen days after receipt of the proposed decision of the administrative law judge. *See* Md. Code Ann., Corr. Servs. § 10-209(b)-(c).

The final agency determination is subject to judicial review in Maryland State court, so long as the claimant has exhausted his/her remedies. *See* Md. Code Ann., Corr. Servs. § 10-210. But, an inmate need not seek judicial review in State court in order to satisfy the Prison Litigation Reform Act's administrative exhaustion requirement. *See, e.g., Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) ("[A] prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court."); *but see* Md. Code Ann., Cts. & Jud. Proc.

Art. § 5-1003(a)(3) ("Judicial review following administrative consideration shall be the exclusive judicial remedy for any grievance or complaint within the scope of the administrative process.").

Thus, Plaintiff's claims must be dismissed if Defendants raise the affirmative defense and also prove that Plaintiff has failed to exhaust available remedies. *See Jones*, 549 U.S. at 216 – 17 (failure to exhaust is an affirmative defense and inmates are not required to demonstrate exhaustion in their complaints). Plaintiff does not refute the evidence which shows that he did not fully exhaust the issues raised herein through the ARP process; nor does he dispute his failure to comply with directives from the IGO regarding his filing there. As such, this Court must dismiss his lawsuit against the remaining Defendants with prejudice as it is barred by the Prison Litigation Reform Act.

## Conclusion

Defendants' dispositive motion will be granted. A separate Order follows.

Date: July 7, 2016

                                                /s/
                                      William M. Nickerson
                                      Senior United States District Judge